Vacated by Supreme Court, April 18, 2005

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4267

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH ELLIOTT BYRD,

Defendant - Appellant.

No. 04-4268

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONITA MICHELLE JONES,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Adrian G. Duplantier, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation. (CR-02-150)

Submitted: October 25, 2004          Decided: December 6, 2004

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel J. Clifton, John G. Plumides, PLUMIDES LAW OFFICE, Charlotte, North Carolina; D. Baker McIntyre, III, Charlotte, North Carolina, for Appellants. Gretchen C. F. Shappert, United States Attorney, Kimlani S. Murray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Keith Elliott Byrd and Ronita Michelle Jones appeal from their convictions and sentences for conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), and importation of cocaine, in violation of 21 U.S.C. §§ 952, 960 (2000). Finding no error, we affirm.

Byrd and Jones each challenge, as their sole claim on appeal, the district court's interrogation of witnesses at trial. A district court's participation in the interrogation of a witness pursuant to Fed. R. Evid. 614 is reviewed for an abuse of discretion. United States v. Parodi, 703 F.2d 768 (4th Cir. 1983). Assuming that this claim was preserved by Appellants, we find no abuse of discretion. A district court may call witnesses, interrogate them, or cross-examine them. Fed. R. Evid. 614(a), (b). Indeed, the court has an obligation to do so "for the ascertainment of the truth" or to "avoid needless consumption of time." Fed. R. Evid. 611(a). The district court became involved in the interrogation of the witnesses at issue only after the witnesses' evasive answers and a series of frivolous objections by defense counsel had halted the progress of the proceedings. Under these circumstances we find no error.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED