**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4267**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH ELLIOTT BYRD,

Defendant - Appellant.

_____

On Remand from the United States Supreme Court.
(S. Ct. No. 04-8986)

_____

Submitted:  November 23, 2005        Decided:  January 6, 2006

_____

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Daniel J. Clifton, LAW OFFICE OF DANIEL J. CLIFTON, Charlotte,
North Carolina, for Appellant.  Gretchen C. F. Shappert, United
States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Keith Elliott Byrd was convicted, by a jury, of conspiracy to possess with intent to distribute (Count 1), and the importation from Jamaica (Count 2), of between 500 grams and five kilograms of cocaine, in violation of 21 U.S.C. §§ 841, 846 (2000), and 21 U.S.C. §§ 952, 960 (2000), respectively. We affirmed his conviction and sentence. See United States v. Byrd, No. 04-4267 (4th Cir. Dec. 6, 2004) (unpublished).

Byrd filed a petition for writ of certiorari in the United States Supreme Court. His petition was granted, and this court's judgment was vacated in light of the decision in United States v. Booker, 125 S. Ct. 738 (2005). Byrd's case has been remanded to this court for further proceedings. Id.

Byrd's sentence was imposed prior to the decision in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and he did not raise objections to his sentence based on the mandatory nature of the Sentencing Guidelines. Therefore, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 546-60 (4th Cir. 2005); United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

On remand, Byrd contends that he was improperly sentenced under a mandatory guideline regime. In White, we determined that "even in the absence of a Sixth Amendment violation, the imposition of a sentence under the former mandatory guidelines regime rather

than under the advisory regime outlined in <u>Booker</u> is error." <u>Id.</u> at 216-17. However, we declined to presume prejudice, <u>id.</u> at 217-22, and instead held that the prejudice inquiry is "whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." <u>Id.</u> at 223. Therefore, to make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." <u>Id.</u> at 224.

Here, the district court sentenced Byrd at the bottom of the applicable sentencing range. While it commented regarding Byrd's co-defendant's sentence, stating that it felt the guidelines were "harsh," but that it nonetheless was bound by them, it made no such comments when it sentenced Byrd earlier in the same hearing. Nor did it make any comments in sentencing Byrd that would indicate that it would have imposed a different sentence under an advisory guideline system. Therefore, as the record does not reveal a nonspeculative basis for concluding that the district court would have imposed a shorter sentence had it known it possessed discretion to do so, we find that Byrd cannot demonstrate that the district court's error in sentencing him under a mandatory guidelines regime affected his substantial rights such that he is

entitled to resentencing.  See United States v. Olano, 507 U.S. 725, 734-35 (1993).

Accordingly, we affirm Byrd's sentence and reinstate this court's prior opinion affirming his conviction and sentence.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]As Byrd's co-defendant did not join in his petition for writ of certiorari to the Supreme Court, the Supreme Court's order vacating this court's previous opinion relates to Byrd's portion of the appeal only, and the portion of this court's order relating to his co-defendant is not affected by either the Supreme Court's order vacating and remanding the case to this court, nor this court's present disposition of Byrd's appeal.